DENNIS HANNAN *vs.* ELLEN HANNAN & others.

Hampden. Sept. 25. — Dec. 31, 1877. ENDICOTT & LORD, JJ., absent.

In a writ of entry brought by a mortgagee against the heirs of the mortgagor, to foreclose a mortgage of land, it is a good defence that the mortgage was given without consideration ; and parol evidence is admissible to show that no debt ever existed between the parties to the mortgage.

WRIT OF ENTRY, dated October 6, 1862, against the heirs of James Hannan, to foreclose a mortgage of land in Brimfield. Plea, *nul disseisin*, with a specification of defence that the mortgage was given without consideration, and was never intended or considered by the parties to it as a valid transaction.

At the trial in the Superior Court, before *Brigham*, C. J., it appeared that James Hannan, on October 6, 1862, executed and delivered the mortgage to the demandant. The consideration stated in the mortgage was $1200, and the condition was as follows: " Provided nevertheless, that if the said James Hannan, his heirs, executors or administrators, shall pay unto the said Dennis Hannan, his executors, administrators or assigns, the sum of twelve hundred dollars on demand, with interest annually, then this deed, as also a note bearing even date with these presents, signed by the said James Hannan, whereby he prom·

ises to pay to the said Dennis Hannan the said sum and interest at the times aforesaid, shall both be absolutely void to all intents and purposes."

The demandant contended that there was a pecuniary consideration for the mortgage, but that no note, as recited in the mortgage, was given, and he produced none ; and he further contended that a consideration was implied from the instrument. It was conceded that nothing had been paid upon the mortgage, either principal or interest.

The tenants contended that it was competent for them to show by parol evidence that no indebtedness ever existed between the parties to the mortgage, as a consideration therefor; that the mortgage was given without consideration, and was not given by James to Dennis Hannan as a gift, but to put the property out of his hands to protect it against possible liabilities to third parties ; and contended that such proof, showing that there was no debt due, would constitute a good defence to the action, and that no conditional judgment could be had.

It was thereupon agreed that, if such proof was competent, and a good defence, judgment should be entered for the tenants ; otherwise, judgment for the demandant, and conditional judgment for $800, and interest from the date of the mortgage.

By agreement of both parties, the case was taken from the 'ury before verdict, and reported to this court.

*G. M. Stearns & M. P. Knowlton,* for the demandant.

*W. S. B. Hopkins,* for the tenants.

AMES, J. The question raised by the bill of exceptions has been fully disposed of by the decision of this court in the case of *Wearse* v. *Peirce,* 24 Pick. 141. It was there held that in an action between the original parties, brought for the foreclosure of a mortgage given as security for a promissory note, the fact that the note was given without consideration was a good bar to the action, by showing nothing due. The question in such a case, whether anything is due upon the note, must be conducted in nearly the same way, and depend mainly upon the same evidence, as if the note were in suit. In such an action the defendant may show the same matters in defence against the mortgage, except only the statute of limitations, that he could against the note. *Vinton* v. *King,* 4 Allen, 562. *Freeland* v. *Freeland,*

102 Mass. 475. *Holbrook* v. *Bliss*, 9 Allen, 69. It was also ruled in *Wearse* v. *Peirce* that this defence is not rebutted by showing that the note was given in fraud of the rights of creditors, for the reason that, if there had been such an intent, it was common to both parties, and the demandant is not in a position to avail himself of that fact. In such a state of facts, the maxim, *potior est conditio defendentis*, would be applicable. It is true that if the deed, instead of being a mortgage, had been a conveyance of an absolute estate, the law would not aid the grantor to recover it back. And for a like reason it will not aid the mortgagee, who is the actor, to enforce the payment of a fraudulent note to which he is a party.

As we see no reason for overruling *Wearse* v. *Peirce*, which seems to us to be entirely within the spirit and letter of the statute in relation to the conditional judgment in such an action, (Gen. Sts. *c.* 140, § 5,) we must order, according to the terms of the reservation, that *Judgment be entered for the tenants.*