MERCARTNEY *v.* CRITTENDEN and others.

*(Circuit Court, D. California. July 28, 1885.)*

EQUITY PRACTICE—DOCKET FEE—REV. ST. § 824—FINAL HEARING.

To constitute "a final hearing in equity or admiralty," within the meaning of section 824, Rev. St., there must be a hearing of the cause on its merits; that is, a submission of it to the court, in such shape as the parties choose to give it, with a view to a determination whether the plaintiff or libelant has made out the case stated by him in his bill or libel, on the ground for the permanent relief which his pleading seeks, on such proof as the parties place before the court, be the case one of *pro confesso* on bill, or libel and answer, or pleadings alone, or pleadings and proofs. *Wooster* v. *Handy,* 23 FED. REP. 50, followed.

In Equity. Appeal from clerk's taxation of costs.

*D. T. Sullivan,* for complainant.

*J. L. Crittenden,* for defendants.

SAWYER, C. J. The bill was filed September 4, 1884. Demurrer filed December 9, 1884. The demurrer having been argued and submitted, it was overruled on March 2, 1885, and leave given to answer upon payment of the usual costs. On April 4th the defendants answered fully to the merits. On May 1, 1885, the court dismissed the bill without prejudice, without looking into it, on the voluntary application of the complainant, the defendants not appearing, and not being present. The question is whether defendants are entitled to the docket fee taxable under section 824, Rev. St. on a "final hearing" in equity. The clerk allowed the item in pursuance as he construed the decision and ruling in the circuit court for the Eastern district of Tennessee in *Goodyear* v. *Sawyer,* 17 FED. REP. 3. But all the cases, including *Goodyear* v. *Sawyer,* were fully reviewed by Mr. Justice BLATCHFORD, of the supreme court, on the circuit, in *Wooster* v. *Handy,* 23 FED. REP. 50; and the ruling in *Goodyear* v. *Sawyer,* on this point, was overruled. The rule deduced from the cases, and adopted by Mr. Justice BLATCHFORD, "is that to constitute a 'final hearing in equity or admiralty,' within the meaning of section 824, there must be a hearing of the cause on its merits; that is, a submission of it to the court in such shape as the parties choose to give it, with a view to a determination whether the plaintiff or libelant has made out the case stated by him in bill or libel as the ground for the permanent relief which his pleading seeks, on such proofs as the parties place before the court, be the case one of *pro confesso* on bill, or libel and answer, or pleadings alone, or pleadings and proofs. Nor does it detract from the force of this conclusion that what is called an interlocutory decree, as distinguished from a final decree, is often entered as the result of a decision on a final hearing."

I shall adopt this conclusion as better supported by authority, as well as reason, as to the proper construction of the provision of section 824 in question. There was no replication in this case, and it was not at issue. There was no question of law submitted for con-

sideration and determination by the court. The complainant vol-
untarily, upon *ex parte* application, asked the court for leave to dis-
miss the bill, and the court granted the order without looking into
the pleadings, or deciding any point of law or fact.   Had there been
a final decree entered upon the ruling on the demurrer, without fur-
ther pleadings, the hearing on the demurrer might well have been re-
garded as a "final hearing," contemplated by the act.   See *McLean* v.
*Clarke*, 20 Reporter, 36; S. C. 23 FED. REP. 861.   But the decree dis-
missing the bill was not a consequence of the decision on the demur-
rer.   The item of $20 solicitor's fee, charged on the bill of costs filed
by defendants, must therefore be rejected; and it is so ordered.