## THE H. C. GRADY.

### BLACK DIAMOND COAL-MIN. CO. v. THE H. C. GRADY (HENDRY et al., Interveners).

(District Court, N. D. California. May 5, 1898.)

#### No. 11,369.

INTERVENTION—DECREE BY STIPULATION—PROCTOR'S FEES.
   Where, in a libel of intervention in an admiralty case, the parties stipulated for a decree in favor of the intervener, and a decree was entered accordingly, there was such a final hearing as would entitle the proctors for intervener to the allowance of a docket fee, under Rev. St. U. S. § 824, which provides that "on a final hearing in equity or admiralty cases a docket fee" should be allowed.

This was an intervention by G. W. Hendry and F. R. Strong in the proceedings by the Black Diamond Coal-Mining Company against the steamer H. C. Grady and others. Hearing on exceptions to the allowance of docket fees to the proctor of intervener G. W. Hendry.

Bert Schlesinger and Samuel Knight, for intervener Hendry.

Andros & Frank, for intervener Strong.

DE HAVEN, District Judge. G. W. Hendry filed his libel of intervention in this proceeding on November 26, 1897. No formal answer to this libel was ever made, but the court, with the consent of the parties interested, made an order of reference to a commissioner to take evidence and report the facts in relation to the matters alleged in said libel. The matter never came on for hearing before the commissioner, and it was subsequently agreed between the interveners Hendry and Strong, the only parties having any interest in the question, that the intervener Hendry was entitled to a decree in his favor for the sum of $511.01 and costs, to be paid out of the proceeds arising from the sale of the steamer H. C. Grady; and thereafter, on motion, a decree was duly entered by the court in accordance with such consent and agreement. The question for determination at this time is whether the proctors for intervener Hendry are entitled to a docket fee taxable as on a final hearing in admiralty under section 824, Rev. St. It is argued in opposition to the allowance of such docket fee that there never has been a final hearing upon the matters alleged in the libel of intervention; that the court was never called upon to determine any disputed question of law or of fact; and that, in the absence of the submission or determination of such a question, there is no final hearing within the meaning of that section. In my opinion, this contention must be overruled on the authority of the cases of Wooster v. Handy, 23 Fed. 49; The Anchoria, Id. 669; Mercartney v. Crittenden, 24 Fed. 401; Coy v. Perkins, 13 Fed. 111; and the recent case of Barron v. The Mount Eden (decided in this court, March 15, 1898), 87 Fed. 483. In this latter case it was said:

"A final hearing, within the meaning of the statute, is a submission of a case for determination upon its merits, or the submission of some question, the disposition of which finally ends the case."

And in the case of Mercartney v. Crittenden, 24 Fed. 401, the circuit court of this district, in approving the rule laid down in Wooster v. Handy, 23 Fed. 50, held:

"That to constitute a 'final hearing in equity or admiralty,' within the meaning of section 824, there must be a hearing of the cause on its merits; that is, a submission of it to the court in such shape as the parties choose to give it, with a view to a determination whether the plaintiff or libelant has made out the case stated by him in bill or libel as the ground for the permanent relief which his pleading seeks, on such proofs as the parties place before the court, be the case one of pro confesso on bill, or libel and answer, or pleadings alone, or pleadings and proofs."

It is apparent that in this case there has been a final hearing of this case upon the merits, and none the less so because the parties interested stipulated in open court as to the facts, and consented to

the decree. The facts agreed to took the place of formal testimony, and the decree, which was properly based thereon, finally determined the relief to which the intervener was entitled by reason of such facts and the matters alleged in his petition of intervention. The exception to the taxation of costs will be overruled.