## THE GORDON CAMPBELL.

(District Court, W. D. New York. April 26, 1904.)

1. MARITIME LIENS—STATE STATUTE—SUPPLIES.

Under a state statute giving a lien on a vessel for supplies furnished for her use on the order of her master, owner, or part owner, there is no lien for provisions furnished to a part owner living on a vessel with his family while she is laid up for the winter in her home port; the presumption being that they were furnished on his personal credit, and for his own use.

2. ADMIRALTY—DISTRIBUTION OF PROCEEDS OF VESSEL—RIGHTS OF MORTGAGEE.

While Rev. St. §§ 4192, 4193 [U. S. Comp. St. 1901, p. 2837], providing for the recording of mortgages, etc., on vessels, do not make such recorded mortgages maritime liens enforceable in a court of admiralty, yet where such court has in its registry for distribution a fund arising from the sale of a vessel, and the maritime liens have been paid, the holder of a recorded mortgage may prove his claim against the fund, and is entitled to payment therefrom in the order of his priority.

3. SHIPPING—VALIDITY OF MORTGAGE OF VESSEL—STATE STATUTE.

The Illinois statute which provides that a chattel mortgage given to secure a note which does not, on its face, show that it is so secured, shall be void, cannot affect the validity of a mortgage on an enrolled and licensed vessel which is recorded, pursuant to the statute of the United States, at the home port of the vessel.

4. FEDERAL COURTS—DISTRIBUTION OF FUND—PENDENCY OF SUIT IN STATE COURT.

A suit was instituted in a state court to set aside a mortgage on a vessel, and a temporary injunction was granted, restraining its foreclosure. On a hearing the bill was dismissed and the injunction dissolved, and thereafter the mortgagee assigned the mortgage. Subsequently an appeal was allowed, and, on complainant giving bond, the injunction was reinstated. Pending the appeal the vessel was libeled for seamen's wages in a court of admiralty, and, at the instance of the owner, was sold; all liens being transferred to the proceeds. The owner then assigned his interest therein to a third person. *Held*, that the pendency of the state suit did not preclude the assignee of the mortgage from proving the same against the fund in the admiralty court, or prevent that court from passing on the claim and distributing the fund.

5. ADMIRALTY—COSTS—COUNSEL FEES.

Counsel fees may be allowed in admiralty, where there is a fund in court, irrespective of statutory provisions, but a single docket fee only will be allowed to a proctor who represents more than one petitioner or libelant.

In Admiralty. In the matter of the distribution of the proceeds of the sale of the steamer Gordon Campbell.

Harvey L. Brown and John K. White, for claimants.

William B. Wright (William F. Carroll, of counsel), for assignee of fund.

HAZEL, District Judge. This is a review of the report of the commissioner as to the distribution of surplus proceeds of the sale of the steamer Gordon Campbell, now in the registry of the court. A portion of the claim filed by Russell & Watson, as assignees of

¶ 1. Maritime liens created by state laws, see note to The Electron, 21 C. C. A. 21.

Windmuller & Co., and that of William Brinnen, are under exception.

As to the Windmuller claim: Under the law applicable to maritime liens when the ship is in her home port, the parties dealing with the owners for supplies to be furnished to the vessel are presumed to be dealing on the personal credit of the owners, unless such supplies are furnished upon the credit of the vessel, and a lien therefore created by the statute of the state. The statute of Illinois relating to the subject gives a lien for all debts contracted by the owners or part owner, master, and others in the statute mentioned, on account of supplies and provisions furnished for use of the vessel. The record shows that the supplies were furnished to the part owner, who, with his family, lived temporarily upon the vessel while she was laid up for the winter at Chicago, Ill., her port of hail. Some evidence was given tending to show that Bowe, part owner of the Gordon Campbell, to whom the supplies were delivered, was also her master. Assuming that to be the case, the evidence is not convincing that the supplies were actually furnished for the use of the vessel. Such supplies must not only have been furnished to a part owner or master of the vessel, or such other person or persons named in the act, but it must affirmatively appear that the supplies were for the use of the vessel, or for the use of such persons as were actually performing a service for her benefit. The claimants knew that Carroll had purchased a two-thirds ownership in the Gordon Campbell, yet, without inquiring or making any investigation, they furnished provisions to Bowe, a one-third owner, during the winter season, when the vessel was idle and moored to her dock. It may be fairly presumed, I think, from the evidence, that the sale of the provisions was upon the personal credit of Bowe, and not upon the credit of the vessel. The exception is sustained, and the claim, amounting to $46.54, is disallowed.

The Brinnen claim: The contention of the assignee that sections 4192 and 4193 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 2837] merely provide for the manner of recording certain conveyances, and that, accordingly, no maritime lien enforceable in the first instance in a court of admiralty is created thereby, is undoubtedly correct. The sections referred to establish a rule of priority between mortgages and conveyances recorded pursuant to its provisions. The right of Congress to regulate such priorities is derived from the commerce clause of the Constitution. Henry on Admy. Juris. & Procedure, p. 206. Although a court of admiralty has no jurisdiction in relation to the enforcement of such a mortgage lien, as distinguished from a hypothecated bottomry bond, yet a common-law lien is distinctly recognized by the enactments of the above-mentioned sections of the Revised Statutes. No maritime lien or contract is created by recording a mortgage in conformity with such provisions. The sole object and purpose intended is to give recorded mortgages and conveyances a priority over such as are of later record, but, as no maritime lien is created by a mortgage upon the vessel, all legal controversies which arise in relation thereto must ordinarily seek a settlement thereof within

the province of other courts. The theory of the law seems to be that mortgages upon vessels are not strictly analogous to maritime contract. The mortgagee, not being permitted to take the mortgaged ship because of the owner's failure to pay the debt secured by the mortgage, must have resort to a court of equity for the enforcement of his lien, or, as has been suggested, to remedies provided by local laws. Bogart et al. v. The Steamboat John Jay, 58 U. S. 399, 15 L. Ed. 95. These questions, it is thought, are foreign to any presented here, for the reason that the court is called upon to distribute the surplus fund on deposit with the registry of the court. Priorities of existing maritime liens against the Gordon Campbell have been established, and hence the surplus may be distributed to such claimants as are shown to have a vested interest therein. The claimant appears to have a specific lien in the nature of a mortgage, which he now urges against the surplus fund after payment of all maritime liens and claims. This court unquestionably has power over surplus moneys in its custody, and its obvious duty is to rightfully distribute the same. The Willamette Valley (D. C.) 76 Fed. 841; The Advance (D. C.) 63 Fed. 704. Proof has been made of the execution and delivery of the mortgage in question to secure the sum of $2,500. The amount unpaid is $1,500. The mortgage was duly recorded, in accordance with the provisions of the Revised Statutes, in the home port of the vessel. The debt is not only admitted upon the proofs, but, as stated, a portion thereof has been paid by the owner, who now appears as counsel for the assignee of the fund. He now asserts that the mortgage lien given by him to secure certain notes is void on its face, and that a claim arising from fraud should not be paid out of the residuum. To establish the invalidity of the mortgage, he relies on the statute of the state of Illinois which, in effect, provides that a mortgage given to secure a note which does not on its face show that it is secured by a chattel mortgage shall be absolutely void. This point is not entitled to the effect contended for. The mortgage which is in evidence shows upon its face that it has been given to secure this note, and has been duly recorded in the port of Chicago, upon a vessel of the United States enrolled and licensed. It has been held that "state statutes are inoperative as to vessel mortgages which have been properly recorded pursuant to the laws of Congress." The Vigilancia, 73 Fed. 455, 19 C. C. A. 528. And in Folger v. Weber, 16 Hun, 512, the court used the following language:

"That, whatever may be the law of the state, a vessel subject to the act of Congress may be mortgaged, and the mortgage, when duly recorded in accordance with the act, cannot be impeached for want of possession in the mortgagee. The act of Congress contains no limitation of time during which the possession may lawfully remain in the mortgagor, and to import into it the limitation of time prescribed by the statute of Illinois would be to hold that the Legislature of Illinois could alter or set bounds to the effect of an act of Congress passed on a subject over which Congress has, when it may see fit to exercise it, exclusive jurisdiction."

In White's Bank v. Smith, 7 Wall. 646, 19 L. Ed. 211, it was held that:

"A recording of a mortgage in the office of the collector of the home port of the vessel has the effect, by its own force, and irrespective of any formalities required by a state statute to give effect to chattel mortgages, to give the mortgagee a preference over a subsequent purchaser or mortgagee."

To hold, therefore, that a mortgage upon a vessel of the United States is absolutely void because the notes for which it was given failed to set out that they were secured by such mortgage, would, in effect, read an important restriction into the act of Congress, which it manifestly was not intended should be included therein. I conclude that the commissioner was right in holding that the lien of the mortgage upon the proceeds of sale is entirely governed by the federal statute. Irrespective, therefore, of the statute of Illinois, the validity of the mortgage executed and delivered in accordance with the provisions of sections 4192 and 4193 of the Revised Statutes [U. S. Comp. St. 1901, p. 2837] is established, and the mortgage claim, unless its invalidity is proven for other reasons, may be paid out of the fund.

It is further objected that a proceeding is now pending in the state court of Illinois to set aside the mortgage upon the vessel on account of fraud, and to permanently restrain the original mortgagee from foreclosing the same. For this reason, it is insisted that no disposition should be made upon the claim against the fund until such action is determined. It appears from the evidence that a temporary order restraining the foreclosure of the mortgage lien was granted in the state court, but the bill upon which the injunction was founded was dismissed for lack of equity. Thereupon an appeal from the order dismissing the same was allowed, which is now pending, and upon filing a bond the injunction was reinstated. Directly after the injunction was dismissed, and before the appeal was allowed, the original mortgagee assigned the mortgage to the claimant. Subsequently the Gordon Campbell was libeled for seamen's wages and sold in this jurisdiction. Prior to the return day of the monition issued upon the original libel, founded upon a claim for but $30, the owner of the vessel applied for an immediate sale, consenting that all liens be transferred to the proceeds. The assignee of the mortgage thereupon presented his claim against the fund. Objection to payment is not made by the owner of the vessel, the complainant in the Illinois suit; it is made by his assignee. It is perfectly true that the court first having jurisdiction of the subject-matter has a prior right to decide the questions involved, but the rule is otherwise whenever the litigation is ended, or when the property which is the subject of the controversy is no longer in the possession of the court first acquiring jurisdiction. In that event it is the duty of another court, whenever redress is sought in its forum, to take cognizance of the rights of the parties. Existing remedies may be invoked, and such appears to be the rule even if a decision was required upon the previous questions before the first tribunal. In the circumstances here presented, the dissolution of the injunction in the state court, and its subsequent renewal, did not revive the same to the extent of depriving the assignee of the mortgage from enforcing his lien to the proceeds on sale of the

vessel seized under admiralty process in this jurisdiction. Assuming the action pending in Illinois will terminate favorably to the complainant, how will such decision affect the fund in the registry of this court? The claimant is not a party to the Illinois action, and, moreover, as has been stated, the complainant in that action has assigned his interest in the res. If the mortgage lien was without consideration, and the same was assigned in furtherance of fraud, no reason is discoverable why such defense was not asserted before the commissioner appointed to ascertain and report upon the validity and priority of claims. Certainly no rule of comity can be invoked where, as here, the specific property is in custodia legis, especially where the owner of the vessel, who sues in another jurisdiction to set aside a mortgage as fraudulent, procures a sale of the property mortgaged in this jurisdiction, and subsequently assigns his interest to a third party. The object of the action pending in the state court of Illinois would seem to be nullified by the sale of the vessel in this port, upon the application of the owner, after seizure of the vessel under admiralty process. Nothing more can be obtained than a personal judgment, because of the alleged fraud of the mortgagee, in the state court of Illinois. Baltimore & O. R. Co. v. Wabash R. Co., 119 Fed. 678, 57 C. C. A. 322. Assuming the validity of the mortgage as a common-law lien, such lien is now transferred to the proceeds of the sale. If this view of the issues in the former suit be correct, I am unable to perceive any conflict of authority. The procedure of the action referred to is in no way obstructed, while, on the other hand, a long delay in disbursing the proceeds of the sale may result in inconvenience to those who are interested in the fund. This court, as was said in The Willamette Valley, supra, "must do something with the fund. It is absurd that it cannot."

Without deeming it necessary to further discuss this somewhat complicated question, I have decided to send the matter back to the commissioner for the purpose of allowing the assignee of the fund to give further evidence in opposition to the allowance of the Brinnen claim; such evidence to be given, at the option of the assignee, within 30 days from the date of the entry of this decision. Upon his failure to exercise his right here given within the period stated, the conclusion of the commissioner in relation to such claim must be sustained. The report of the commissioner in all other respects is accordingly affirmed, and the fund should be paid out in accordance therewith, except as modified by this opinion.

The report shows that fourteen libels have been filed by four different proctors. To lessen expenses, the various claims should be consolidated for further proceedings and payment. The adjudicated cases upon the subject of costs in admiralty do not permit allowing to a proctor who represents more than one petition, separate docket fees. Under the doctrine of Trustees v. Greenough, 105 U. S. 535, 26 L. Ed. 1157, an allowance of counsel fees to be taxed in a case where a fund is in court is permissible, irrespective of the statutory provisions. I think that an allowance equivalent to one docket fee to each proctor who has filed a petition herein, in view

of the statements of counsel, is not unreasonable. The following cases: Black Diamond Coal Mining Co. v. Grady (D. C.) 87 Fed. 483; Barron v. Mt. Eden (D. C.) 87 Fed. 483; The Bay City (D. C.) 3 Fed. 47; The Alert (D. C.) 15 Fed. 620—also authorize allowance of a docket fee in admiralty to counsel who have filed petitions or intervening libels.

So ordered.