ALBION LUMBER CO. v. INTER-OCEAN TRANSP. CO. et al.

(District Court, N. D. California, First Division.  March 15, 1917.)

No. 15648.

1. ADMIRALTY ⟨©⟩124—DOCKET FEE—PROCTOR—"FINAL HEARING."

The dismissal of a suit in admiralty without prejudice on the unopposed motion of libelant is not a "final hearing," within the meaning of Rev. St. § 824 (Comp. St. 1913, § 1378), which entitles the proctor for respondent to a docket fee of $20.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 836–857.

For other definitions, see Words and Phrases, First and Second Series, Final Hearing.]

2. ADMIRALTY ⟨©⟩124—DOCKET FEE OF PROCTOR—FINAL HEARING.

The submission of a cause to the court on exceptions to the libel, which are sustained, is, however, a "final hearing," and respondent's proctor is not deprived of the right to a docket fee by the filing of an amended libel, alleging facts which libelant is unable to prove, and which is therefore voluntarily dismissed without hearing.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 836–857.]

In Admiralty.  Suit by the Albion Lumber Company against the Inter-Ocean Transportation Company and B. W. Olson.  On motion to retax costs.  Denied.

See, also, 240 Fed. 1017.

Andros & Hengstler and G. W. Bell, all of San Francisco, Cal., for libelant.

Denman & Arnold, of San Francisco, Cal., for respondents.

DOOLING, District Judge.  This is a motion to strike out from the costs taxed by the clerk the item of $20 allowed to respondent's proctor as a docket fee.  This cause was regularly set for hearing, and upon the day designated respondent was in attendance with its witnesses and ready to proceed.  Libelant's proctor appeared and asked for a continuance, on the ground that he had been misinformed as to the testimony in the case, and desired time to investigate, and interview a certain witness upon whom he relied, and who, he had just been told, would not testify as he had expected him to do.  The court granted the motion for a continuance, subject, however, to the condition that the testimony of a witness for respondent, who was present in court, should be taken, so as to avoid the necessity of bringing him in again.  The witness was either sworn, or just about to be sworn, but had given no testimony whatever, when proctor for libelant moved for a dismissal of the cause without prejudice.  The motion was not resisted by respondent, and an order was entered dismissing the cause upon libelant's motion, without prejudice, but with costs to respondent.  Among the items of costs taxed by the clerk was the proctor's docket fee of $20, now called in question.

[1] The warrant for the allowance of a proctor's docket fee is

found in the following provisions of sections 823 and 824 of the Revised Statutes (Comp. St. 1913, §§ 1375, 1378):

"The following and no other compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States * * * on a final hearing in equity or admiralty, a docket fee of $20.00."

What is meant by the words "on a final hearing" has been a matter of diverse opinions by different courts. Some of the earlier decisions hold that any proceeding which finally disposes of a particular case is a final hearing thereof. The Alert (D. C.) 15 Fed. 620; Goodyear v. Sawyer (C. C.) 17 Fed. 2; Andrews v. Cole (C. C.) 20 Fed. 410; Partee v. Thomas (C. C.) 27 Fed. 429. These cases would support the allowance of the docket fee in the present instance. There is another line of cases, however, which hold that the words "on a final hearing" imply that the cause has been presented to the court in some such manner as to invoke its judgment on the merits of the controversy, either upon the facts or upon the law, whereby a determination is reached which disposes of the controversy.

In Wooster v. Handy (C. C.) 23 Fed. 49, Justice Blatchford, after a full review of the cases in which the meaning of those words had theretofore been considered, states his conclusions as follows:

"The conclusion from the considerations above stated, supported as they appear to be by all the cases cited, except, perhaps, that of Goodyear v. Sawyer, is that to constitute 'a final hearing in equity or admiralty,' within the meaning of section 824, there must be a hearing of the cause on its merits; that is, a submission of it to the court in such shape as the parties choose to give it, with a view to a determination whether the plaintiff or libelant has made out the case stated by him in his bill or libel as the ground for the permanent relief which his pleading seeks, on such proofs as the parties place before the court, be the case one of pro confesso, or bill or libel and answer, or pleadings alone, or pleadings and proof."

This rule was followed in this district by Judge Sawyer in Mercartney v. Crittenden (C. C.) 24 Fed. 401, and by Judge De Haven in The Mount Eden (D. C.) 87 Fed. 483. This interpretation seems to me to be sound, and where no question is submitted to the court, the disposition of which finally ends the case, a docket fee is in my judgment not warranted.

[2] These considerations would dispose of the present motion, and require the disallowance of the docket fee, if the matter were to be determined solely upon what occurred on the day that the libel was dismissed. But the cause had theretofore been submitted to the judgment of the court upon exceptions to the original libel. The exceptions were sustained, and the libel would then have been dismissed as the result of the determination of a question submitted to the court, the disposition of which would have finally ended the case, had not libelant filed an amended libel. The amended libel set up a sufficient cause of action. The additional facts pleaded in the amended libel, and which rendered it sufficient, were the facts which proctor expected to prove by the witness, who, as he was informed at the last moment, would not testify in support thereof. These facts did not

reach proctor directly from the witness by whom he expected to establish them, but through "hearsay" of a third party not called. The result of this was that a libel setting forth such facts as libelant could prove was saved from dismissal by amendment setting forth facts to which no witness could be found to testify. No reproach is intended upon the action of proctor for libelant, who acted upon the information furnished him, presumably through libelant. But the result has been that proctor was compelled to move for a dismissal of the action because of the inability of libelant to furnish any proof of the material averments of the amended libel, after the court had determined that the facts as originally stated were not sufficient to warrant a decree. If the libel had been dismissed because of the action of the court in sustaining the exceptions thereto, the docket fee would have been allowed, as such dismissal resulting from the submission of the exceptions to the court, and its order sustaining the same, would have been on a final hearing. The filing of an amended libel, stating additional facts sufficient to support a decree, which facts libelant is unable to support by any testimony, and which, indeed, it makes no effort to support by any testimony, so that the amended libel is afterwards dismissed on its own motion, cannot deprive respondent of the proctor's docket fee, which must necessarily have been allowed, had the libel not been amended. Otherwise, a docket fee could always be avoided, after exceptions sustained, by the simple process of filing an amended libel and dismissing the same. In Carter v. Sweet (C. C.) 84 Fed. 16, Judge Wellborn, considering this question, says:

"It is manifestly within the spirit, if not exact letter, of this rule to hold, as I do, that where there has been presented to the court for consideration any issue of law or fact, and the expression of the court's opinion thereon, after hearing, results in a final disposition of the cause, although such disposition be a dismissal on motion of the complainant, the docket fee is taxable."

Upon such facts as it could support by testimony the libelant invoked the opinion of the court in its original libel. The court's opinion was adverse, and would have resulted in a final disposition of the case, had libelant not, in an amended libel, added other and sufficient facts, which it neither endeavored, nor was able, to support. There was, in my judgment, such an issue of law presented to the court as resulted in the final disposition of the real case, although such disposition was the dismissal of the amended libel on motion of the libelant.

The docket fee objected to will therefore be allowed.