PARKERSON v. BORST.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1919.)

No. 3371.

1. COSTS ⬤⇒70—DETERMINATION AS TO ITEMS.
Until final judgment, incidence of costs is not determinable, and any attempt to adjudicate correctness of items at the instance of one party might be futile, and hence the court need not adjudicate the correctness of items prior to final judgment.

2. COSTS ⬤⇒2—TAXABLE COSTS.
Taxable costs are made so either by statute, rule of court, or order of court in a specific case, or by established usage, equivalent of a rule.

3. COSTS ⬤⇒251—PREMIUMS PAID FOR APPEAL BOND.
There being no statute, rule of court, order of court, or established usage requiring it, a District Judge did not err in disallowing a premium paid for an appeal bond to be taxed as costs.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by Louise Stone Borst against Mrs. Camilla Putnam Parkerson, testamentary executrix of the estate of W. S. Parkerson, deceased. From an order disallowing certain items in taxation of costs, the defendant brings error. Affirmed.

Edwin T. Merrick, of New Orleans, La. (Merrick, Gensler & Schwarz, of New Orleans, La., on the brief), for plaintiff in error.

E. J. Bowers, of Gulfport, Miss., and D. B. H. Chaffe, of New Orleans, La., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. Upon a former appeal this case was reversed and remanded to the District Court, to be there transferred from the equity to the law side of the docket for a retrial by a jury. Parkerson v. Borst, 251 Fed. 242, —— C. C. A. ——. The plaintiff in error was the appellant and the defendant in error the appellee on the

former appeal. Since the remand of the case to the District Court there has been no retrial of the case, and no final judgment has been rendered.

[1] The case comes again to this court for the correction of supposed errors in the taxation of the costs of appeal, which were ordered by this court, on the former appeal, to be paid by the appellee. Two items of costs are in question: First, an item of $100, paid by appellant for a premium on the appeal bond upon the former appeal; second, an item of $104.25, paid for the services of a stenographer upon the hearing in the District Court on the motion to dismiss and upon the merits. The assignments of error may present other items, but the two mentioned were the only ones insisted upon either in the brief or in oral argument of the plaintiff in error. The very sufficient reason for not considering any of the items, other than the first-mentioned, is that the record shows that no final judgment has been rendered in the cause, and any assessment of costs of the District Court, save those of the former appeal, is premature. Until final judgment, the incidence of the costs is not determinable, and any attempt to adjudicate the correctness of the items, at the instance of one party, might be futile, since the moving party might not be adjudged, by the final judgment, to pay the costs, and hence would not be interested in their amount or legality. This is the view the District Judge took, and declined to render a judgment final in form for this reason. It will be time enough to hear plaintiff in error's complaint as to this item when, if at all, there is a final judgment in the main cause against her which adjudges her liable for the costs. This applies to all items except the premium paid for the appeal bond, which was disallowed by the District Judge.

[2, 3] Plaintiff in error contends that the amount paid for the premium for the appeal bond on the former appeal should be taxed as a part of the costs of appeal, which were adjudged against appellee on the former appeal. There is no statute or rule of court touching the question. There was no order of the District Court directing the making of a surety bond, or, indeed, any bond. The District Court merely fixed the amount of the appeal bond, which was to operate as a supersedeas, leaving it to the determination of the appellant as to whether any and as to what character of bond she would give. Decisions in admiralty cases are therefore not in point. Taxable costs are made so either by statute, rule of court, or order of court in a specific case, or by established usage, the equivalent of a rule. No one of these methods is relied upon as authority for the taxation of the item contended for in this case. The plaintiff in error contends that the modern method is to give surety bonds, and that the expense of procuring them is a legitimate disbursement of the appellant. The propriety of a rule of court requiring that such items be taxed as part of the costs may be conceded, without affecting this case, in which there was no such rule.

There have been numerous decisions of the District Courts and Courts of Appeals upon this question, and they are not all in harmony. The Supreme Court has not decided the question. The Court of Ap-

peals of the Sixth Circuit, in the case of Lee Injector Mfg. Co. v. Penberthy Injector Co., 109 Fed. 964, 48 C. C. A. 760, held that there was no authority to tax a premium on an appeal bond as part of the taxable costs. In the case of The Gov. Ames, 187 Fed. 41, 48, 109 C. C. A. 94, the Court of Appeals of the First Circuit held that, in the absence of any statute, rule, or order or court, or usage, the amount paid a surety company for executing a stipulation for the discharge of a vessel from a libel was not part of taxable costs. The court in this case distinguished between cases where the security was required to be given by order of court and those where its giving was optional. It distinguished, for that reason, the case of Jacobsen v. Lewis Klondike Expedition Co., 112 Fed. 73, 50 C. C. A. 121 (Court of Appeals of the Ninth Circuit), and The Volund, 181 Fed. 643, 667, 104 C. C. A. 373 (Court of Appeals of the Second Circuit). In the case of The Texas, 226 Fed. 897, 905, 141 C. C. A. 501, 509, the Court of Appeals of the First Circuit said:

"The next question is whether the District Court was correct in refusing to tax as part of the costs the premiums that were paid for the entry of corporate security. The precise point is not whether, in our opinion, modern conditions have made it desirable that such premiums should be taxed as costs, but whether any statute, or any rule or equivalent custom, in the district of Delaware, required or justified the taxation. The clerk rejected the items on the following ground: 'I do not know of any statute that makes such items taxable as disbursements or otherwise, and there is no rule of court or established practice in this district permitting a recovery of such items. I am aware of no decision of the Circuit Court of Appeals for the Third Circuit or of the District Court for this district on this subject.' And the District Court affirmed the clerk's decision. In our opinion the clerk was right in saying that no statute makes such an item taxable. The subject has been sufficiently discussed in the following cases [citing cases]. And we shall only add our approval of the argument that a rule of court, or a practice equivalent thereto, is needed to justify the taxation. But we may also say that we think such a rule or practice has become so desirable that we feel confident the court below will take an early opportunity to conform its procedure in this respect to the custom prevailing in other districts."

The case of Edison v. American Mutoscope Co., 117 Fed. 192, a Circuit Court case, apparently supports the contrary rule. The Circuit Judge, however, bases his opinion upon the fact that the disbursement was one rendered necessary by a rule of practice, and the rule of practice is not set out in the opinion. In this case, the disbursement was not made as a result of any rule of practice, and there is no statute, rule or order or usage, by which it is made a part of the taxable costs of the case. The District Judge properly disallowed the item. The judgment is affirmed and the plaintiff in error taxed with the costs of appeal.