## THE EINAR BEYER.

(District Court, W. D. Washington, N. D. October 26, 1925.)

No. 9488.

1. Admiralty ⊂⟩124—Premiums on cost and release bonds held properly taxed as costs.

Premiums paid on cost and release bonds properly taxed as costs under admiralty rule 7.

2. Admiralty ⊂⟩124—Court's ruling on exception to libel held not final disposition, warranting taxing of proctor's fees as costs.

Where exception to original libel on ground of uncertainty and indefiniteness was sustained, an amended libel and answer thereto filed, and case voluntarily dismissed without prejudice by plaintiff, held, court's ruling on exception to libel was not final disposition, warranting assessment of proctor's fees, under Rev. St. §§ 823, 824 (Comp. St. §§ 1375, 1378), and equity rule 1.

In Admiralty. Libel by Franz A. J. Franzen against the motorship Einar Beyer, her tackle, apparel, furniture, and equipment. On motion to retax costs after voluntary dismissal without prejudice by plaintiff and taxation of costs by clerk. Motion granted in part.

On cost bill, $20 attorney's fee and sums paid for premiums on cost and release bonds were taxed. On motion, the clerk declined

to retax, and appeal is taken. A voluntary dismissal of the libel, after granting exceptions, and filing of amended libel after issue being joined, was taken. It is contended that claimant had a contract of insurance indemnifying against all costs, etc., and that on voluntary dismissal attorney's fees may not be taxed.

Wm. Martin, of Seattle, Wash., for libelant.

Bogle, Bogle & Holman, of Seattle, Wash., for respondent.

NETERER, District Judge. [1] Under admiralty rule 7 the premiums, on stipulation of the parties to the suit, shall be taxed as costs. Attached to the cost bill are vouchers for the premiums paid by claimant to the surety company. This disposes of those items. Parkerson v. Borst, 256 F. 827, 168 C. C. A. 173; The Texas, 226 F. 897, 141 C. C. A. 501.

Proctor's fees, under United States laws, are provided by sections 823, 824, R. S. (sections 1375 and 1378, Comp. St.). For proctor's fees: "On final hearing in equity or admiralty, a docket fee of $20.00."

Adjudications as to what constitutes a final hearing are not harmonious. A final hearing is said to be a disposition on its merits, in Smith v. Western Union Tel. Co. (C. C.) 81 F. 242, and a determination upon pleadings and proofs, in Wooster v. Handy (C. C.) 23 F. 49; as used in removal cases, examination of facts in issue, Vannevar v. Bryant, 88 U. S. (21 Wall.) 41, 22 L. Ed. 476. Hearing must be final upon merits. Mercartney v. Crittenden (C. C.) 24 F. 401; The Grady (D. C.) 87 F. 483. The "final hearing" intended, no doubt, must be determinative of the case, and is distinguished from an interlocutory hearing arising in some preliminary question during its progress. Equity rule 1 recognizes this distinction. Hopk. New Equity Rules, p. 145.

I think Judge Wellborn was right in Carter v. Sweet et al. (C. C.) 84 F. 16. He said: "It is manifestly within the spirit, if not exact letter, of this rule to hold, as I do, that where there has been presented to the court for consideration any issue of law or fact, and the expression of the court's opinion thereon, after hearing, results in a final disposition of the cause, although such disposition is a dismissal on motion of the complainant, the docket fee is taxable."

[2] In the instant case exceptions filed to the original libel were, after argument,

sustained. The exception did not go to the merits, but merely to the uncertainty and indefiniteness of the libel. An amended libel was filed, and an answer thereto, taking issue upon the allegations therein, and after the case was assigned for trial a voluntary dismissal was taken without prejudice before the day of trial. It is manifest that the ruling of the court upon the exceptions did not result in a final disposition; it was an order upon a preliminary question during the progress of the case, and was interlocutory, as distinguished from a final hearing. The hearing on the issue raised by the pleadings was not final. This case is clearly distinguished from Albion Lumber Co. v. Inter-Ocean Trans. Co. et al. (D. C.) 240 F. 1019.

The motion is granted as to the proctor's fees, and in other respects denied.