**Leah Davis BERGREN, Plaintiff,**

v.

**Robert James DAVIS and the OIL SCREW called ACADIA (Official #286995) her engines, tackle, apparel, appurtenances, gear, equipage, furniture, etc., Defendants,**

**and**

**Andrew Verderame and Walter Heck, Intervening Defendants.**

**Civ. No. 11816.**

United States District Court
D. Connecticut.
July 2, 1968.

R. William Bohonnon, of Bohonnon & Barnett, New Haven, Conn., for plaintiff.

James O'Connor Shea, New Haven, Conn., for defendants.

Allan H. Duffy and Marc A. Wallman, of Brenner, Susman, Duffy & Gill, for intervening defendants.

TIMBERS, Chief Judge.

### QUESTION PRESENTED

Plaintiff, Leah Davis Bergren, having brought this action to foreclose a preferred ship mortgage pursuant to the Ship Mortgage Act of 1920, 46 U.S.C. § 911 et seq., now moves for summary judgment. Intervening defendants, Andrew Verderame and Walter Heck, oppose the motion and move for leave to file an amended answer alleging failure of consideration as an affirmative defense. The principal question posed by these motions is whether failure of consideration may be raised as a defense in

an action to foreclose a ship mortgage under seal and registered pursuant to the Ship Mortgage Act.

The Court holds that such a defense is proper; having considered the pleadings, exhibits, affidavits, deposition, answers to interrogatories, and admissions on file herein, the Court finds that there is a genuine issue with respect to material facts regarding the question of consideration. The Court therefore grants intervening defendants' motion for leave to file an amended answer and denies plaintiff's motion for summary judgment.

### FACTS

Defendant, Robert James Davis, built the Oil Screw Acadia in 1958–1959 in Lower West Pubnico, Nova Scotia, and sailed it to Maine in 1959 for use in commercial fishing. On August 19, 1963, Davis executed a mortgage on the vessel to plaintiff, his mother, in the principal amount of $7,500. The mortgage, a copy of which is attached to plaintiff's complaint, recites that it is founded upon a debt of the same amount represented by a promissory note given on that date by Davis to plaintiff. The mortgage was duly filed and recorded as a first preferred mortgage on the vessel on August 20, 1963 in the office of the Collector of Customs for the District of Maine and New Hampshire at the Port of Rockland, Maine, where the vessel is registered.

■■ While Gilmore and Black state that the "Mortgage Act outdoes the worst of the old-fashioned state chattel mortgage acts in its insistence on formalities of execution and in the detail of its recording mechanics" (Gilmore and Black, The Law of Admiralty 579 (1957)), the Court finds, and the inter-

vening defendants do not contend otherwise, that the procedural niceties have been met here. See 46 U.S.C. §§ 921–27. Furthermore, plaintiff by affidavit as well as in her complaint alleges that Davis has defaulted on the payment of the promissory note, Davis admits it, and intervening defendants have submitted nothing of an evidentiary nature showing otherwise.[1] Thus, plaintiff has not only made out a prima facie case but would be entitled to summary judgment but for another issue formally raised by intervening defendants for the first time.

### FAILURE OF CONSIDERATION ISSUE

■ The argument now made by intervening defendants is that the mortgage is invalid for failure of consideration, that is, that Davis, neither prior to nor at the time of the execution of the promissory note, received a loan of that amount from plaintiff. Failure of consideration must be affirmatively pleaded under Rule 8(c), Fed.R.Civ.P. Intervening defendants did not do so. Nevertheless, if the legal effect of the mortgage can be nullified by a showing of failure of consideration, and if intervening defendants have established that there is a genuine factual dispute as to whether there was consideration for the mortgage, then the Court is justified in denying plaintiff's motion for summary judgment and permitting intervening defendants to file an amended answer. See Rossiter v. Vogel, 134 F.2d 908, 912 (2 Cir. 1943); Downey v. Palmer, 114 F.2d 116 (2 Cir. 1940); 6 Moore's Federal Practice ¶ 56.10 (2d ed. 1966).

■ Little need be said as to whether intervening defendants have demonstrated that there is a factual dispute over

---

1. The formal denial of plaintiff's allegations by intervening defendants in their answer does not raise an issue of fact. Engl v. Aetna Life Ins. Co., 139 F.2d 469 (2 Cir. 1943); 6 Moore's Federal Practice ¶56.15 [2] (2d ed. 1966).
Whether intervening defendants' response to plaintiff's request that they admit

that Davis executed the note in question amounted to an admission or a denial need not be determined here. Even if the response is considered a denial, it is insufficient to raise a genuine issue of material fact on this summary judgment motion.

the giving of consideration. Davis' answers to intervening defendants' interrogatories in this respect conflict with his answers upon oral deposition. Furthermore, intervening defendants have submitted an affidavit of the Deputy Sheriff of Middlesex County, Connecticut, stating that Davis admitted that his "mother had a mortgage on the boat but it was only for his protection." On this basis the Court concludes that there is a sufficient factual dispute to warrant a trial of the issue rather than summary judgment.

The more difficult question, however, is whether failure of consideration is a valid defense to a sealed ship mortgage registered pursuant to the Ship Mortgage Act.

Before reaching the question there is a collateral point which needs mentioning. Intervening defendants simply aver that they are the true and bona fide owners of the Oil Screw Acadia; they do not elaborate any further. Counsel for plaintiff in connection with an unrelated motion stated that intervening defendants purport to have acquired the entirety of Davis' interest in the Oil Screw through an execution sale upon a judgment obtained against Davis by some third parties. If the statement of plaintiff's counsel is correct, and if the sale of the Oil Screw Acadia at execution was expressly made subject to the mortgage, then intervening defendants are estopped to question the validity or priority of the mortgage. See, e.g., Horton v. Davis, 26 N.Y. 495 (1863), and numerous cases cited at 75 A.L.R. 1370 and 171 A.L.R. 302.

Since the parties do not raise the question, and the Court does not have the facts upon which to base a determination of it, the resolution of this issue must be deferred until such time as the matter is properly presented.

With respect to the validity of the defense of failure of consideration, plaintiff argues that a seal upon an instrument imports consideration, and therefore since Davis' seal is affixed to the mortgage, intervening defendants are estopped from showing failure of consideration. The obvious place to look to determine the validity of this argument is the Ship Mortgage Act itself. But Congress has provided no answer there to this and sundry other questions like it. See Gilmore and Black, The Law of Admiralty 590 (1957). And while it may be that states cannot limit the effectiveness of preferred ship mortgages by imposing restrictive requirements of their own, The Gordon Campbell, 131 F. 963 (W.D.N.Y.1904), it is equally true that merely following the correct recording procedures under the Act does not turn an invalid mortgage into a valid preferred mortgage. Under 46 U.S.C. § 922 a mortgage must be "valid" before it can achieve status under the Act by meeting the particularized requirements contained therein.

Whether "validity" is a question to be determined on the basis of federal or state law is also left in doubt. See Gilmore and Black, at 591–92; cf. Ridings v. Motor Vessel Effort, 387 F.2d 888, 891 n. 5 (2 Cir. 1968). But even if it is assumed to be a question of federal law, there is no federal law of mortgages except as contained in specific statutes such as the Ship Mortgage Act, and that statute, as has been stated, provides no answer. Therefore, the logical place to look is state law. Southland Financial Corp. v. Oil Screw Mary Evelyn, 248 F.Supp. 520, 522 (E.D.La.1965).

The mortgage was executed in the State of Maine, the vessel's home port is there, and the mortgage was recorded there. Hence the Court will look to the law of Maine.

Maine has recognized the common law effect of seals. Yet as early as 1900 the Supreme Judicial Court of Maine, in dealing with almost precisely the same question as here, recognized a distinction between the usual sealed instrument and a sealed mortgage founded upon a promissory note. Bigelow v. Bigelow, 93

Me. 439, 446–48 (1900). In *Bigelow* the court stated in relevant part:

"The first contention, upon the part of the plaintiffs, is that parol evidence was inadmissible to show a want of consideration, or the existence of an indebtedness, which the mortgage under seal acknowledged and purported to secure; and that, although it was admitted without exception, it should be regarded as ineffectual for the purpose for which such evidence was offered; and that consequently the verdict was erroneous even upon the defendants' theory.

The defense was not fraud or duress, nor that the consideration was illegal or against the policy of the law, nor that the note had been paid, but that there never was any indebtedness from mortgagor to mortgagee, or consideration for the note or mortgage: the question is, therefore, can a mortgage under seal which acknowledges an indebtedness and which purports to secure such indebtedness, be contradicted by parol evidence to the extent of showing a want of original consideration so that the mortgage cannot be enforced.

The plaintiffs' counsel have cited many cases to the effect that a seal upon an instrument conclusively imports a consideration, or, that, at least, it estops the covenantor from denying the consideration. But we do not think that this principle applies to a mortgage in an action brought to foreclose the mortgage, so as to prevent inquiry into the existence or non-existence of a debt which the mortgage purports to secure. We mean, of course, between the original parties or those having no superior right. The reason is, that the indebtedness is regarded as the principal thing, the mortgage only as an incident. In order for a mortgagee to commence a foreclosure of a mortgage in an action at law he must first obtain, under our statutes, a conditional judgment; before such a judgment can be rendered, the amount of the indebtedness must be determined and adjudged by the court. If, as a matter of fact, there is no indebtedness, we do not see how a plaintiff can have such a judgment any more than if the obligation, once valid and real, had since been paid. The question as to the consideration of the principal thing, the note, may be inquired into between the original parties, or between those having no superior right; and when, under these circumstances, the note is shown to have been without consideration, the mortgage purporting to secure such a note must become unenforceable. This has long been the settled law in Massachusetts. Wearse v. Peirce, 24 Pick. 141; Hannan v. Hannan, 123 Mass. 441." Id. at 447–48.

Although a separate conditional judgment may not be necessary here, the principle is equally valid because the Court must still determine that payment of the underlying debt has not been rendered. The underlying debt is represented by a promissory note which is not under seal, and even if it were under seal, Maine has adopted §§ 3–113 and 3–408 of the Uniform Commercial Code which expose negotiable instruments under seal to the defenses of want or failure of consideration. 11 Me.Rev.Stat. Ann. §§ 3–113, 3–408 (1964). The distinction is an enlightened one, and particularly appropriate in these times when the solemnity and general import of a seal no longer exist for the public.

■ Since failure of consideration is an appropriate defense to the mortgage, and since the Court finds a genuine issue of fact with respect to this defense, intervening defendants will be permitted to file an amended answer affirmatively setting forth this defense and plaintiff's summary judgment motion is denied. The Court, however, also finds, pursuant to Rule 56(d), Fed.R.Civ.P., that the only unresolved factual issues are with respect to the status of intervening defendants and with respect to the defense of failure of consideration. In all other

respects plaintiff is entitled to judgment.

## ORDER

ORDERED that:

(1) Intervening defendants, Andrew Verderame and Walter Heck, be, and they hereby are, directed to file an amended answer within fifteen days affirmatively setting forth the defense of failure of consideration.

(2) Plaintiff's motion for summary judgment be, and the same hereby is, denied.

(3) Trial of this action be, and the same hereby is, limited to the issues of the intervening defendants' status and the defense of failure of consideration.