LUXFER PRISM PATENTS CO. v. ELKINS et al.

SAME v. BETZ et al.

(Circuit Court, E. D. Pennsylvania. January 18, 1900.)

Nos. 5, 6.

1. COSTS—DOCKET FEE—WHEN TAXABLE.
   The dismissal by a complainant of a bill for the infringement of certain patents as to one of such patents does not constitute a final hearing of the suit, so as to entitle the defendant to have the docket fee provided for by Rev. St. § 824, taxed in his favor.

2. SAME—EXPENSE OF PRINTING BRIEFS.
   The expense of printing briefs is neither by statute nor by rule in the Third circuit made a part of the taxable costs.

Appeal from Taxation of Costs.

Kerr, Page & Cooper, for complainant.
Kenyon & Kenyon, for respondents.

McPHERSON, District Judge. At the time the demurrers to these bills were argued, the plaintiff's motions to dismiss as to one of the patents that were involved in each case were also heard. The demurrers were overruled, and the motions to dismiss were allowed upon condition that all the costs thus far accrued in each case should be paid. The defendants contend that they are entitled to the docket fee of $20 in each case, and also to the cost of printing their brief for use upon the argument of the demurrers; or, at all events, to so much of the cost of printing as was caused by their argument concerning the two patents embraced in the motions to dismiss. The clerk disallowed these items, and an appeal from his decision is now before the court.

I think the clerk was right in refusing the allowance. There has been no final hearing upon either bill, and therefore the docket fee provided for by section 824 of the Revised Statutes cannot now be taxed. The parties are unchanged, and the only difference in either bill is that the area of the controversy has been narrowed. The mere

dismissal of the bill so far as one patent was concerned cannot, in any sense, be said to be a final hearing of the whole case. If it were, there might be two final hearings in a dispute between the same parties, and this is, of course, a contradiction in terms.

The expense of printing the brief is nowhere made by statute a part of the taxable costs, and there is no rule or practice in this circuit permitting it. Neither do I think it a desirable practice to establish, for it would enable the successful party to impose upon the other excessive charges for printing, or lead to constant disputes about the necessity or propriety of the matter printed. The policy in this state (with rare exceptions) has always been to require each party to a lawsuit to bear his own expenses; and on the whole, the rule has worked well. It tends to restrain litigation, and it certainly prevents some abuses. The cost of printing the record in some cases is permitted in the admiralty by a rule of the district court, but obviously this stands upon a different footing.

The appeal in each case is dismissed.