## Beason v. Pierce, Appellant.

Argued March 23, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John B. Brooks,* with him *Alban W. Curtze* and *I. J. Silin,* for appellant.

*R. T. Marsh,* of *Marsh, Spaeder, Himebaugh & Baur,* with him *Russell M. Orcutt* and *Magill & Magill,* for appellee.

OPINION BY MR. JUSTICE STERN, April 13, 1936:

A collision occurred between automobiles driven by the plaintiff and defendant respectively. The defendant's husband was a passenger in her car and was killed in the accident. In the action brought by the plaintiff for injuries sustained by him, the defendant, asserting that the accident was due solely to the negligence of the plaintiff, set up a counterclaim for damages because of her husband's death. The plaintiff filed an affidavit of defense in the nature of a demurrer to the counterclaim, contending that, by the provisions of the Act of April 26, 1855, P. L. 309, any damages recovered by the defendant would be for the benefit of herself and children, that her right of action was therefore in a representative and not an individual capacity, and that set-off can be allowed only where the demands are mutual, between the same parties, and due in the same capacity or right. The court below sustained the demurrer.

If the defendant's counterclaim were really in the nature of a set-off the reasons thus stated would preclude it. In fact, however, it has no relationship whatever to a set-off. While the term is sometimes loosely employed, a set-off is a counter-demand arising out of a transaction

*extrinsic* to the plaintiff's cause of action, and therefore is not incompatible with the justice of the plaintiff's claim but seeks to balance it in whole or in part by a counter-obligation alleged to be due by the plaintiff to the defendant in another transaction. In an action such as the present it would not be possible for both parties successfully to maintain a claim against each other either wholly or in part, because the laws governing negligence and contributory negligence would necessarily limit recovery to one of the parties. The defendant's counterclaim is merely in the nature of a cross action, permitted by the Act of April 4, 1929, P. L. 140, amending section 13 of the Act of May 14, 1915, P. L. 483, and providing that "The defendant in such [trespass] actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action." The title of the act itself refers to such action permitted to the defendant, not as a set-off nor a counterclaim, but as a "cross-suit." The statute was obviously aimed to prevent either party involved in an accident from obtaining an undue advantage by being the first to start suit against the other and the first to bring the action to trial. It also prevents multiplicity of suits. To accomplish these purposes it should be liberally construed.

The order of the court below sustaining the plaintiff's demurrer is reversed with a procedendo.