## Rose v. DeChesere

*Sidney L. Krawitz*, for plaintiff.

*Eli T. Connor* for defendant.

SHULL, P. J., March 29, 1940.—This matter comes before the court on a rule to show cause why defendant's third "counterclaim" should not be stricken from the record. This "counterclaim", as set forth in the affidavit of defense, is as follows:

"F. By reason of the aforesaid collision, and arising out of the same, and the general circumstance upon which plaintiff's claim is based, defendant claims damages because said plaintiff wrongfully, unlawfully, and negligently, by his agent and attorney, caused the automobile of defendant to be attached on the 25th day of September, 1939, by virtue of a writ of foreign attachment in the justice's court which was issued and made returnable contrary to the laws of the Commonwealth of Pennsylvania governing foreign attachment.

"G. By reason of the aforesaid unlawful and negligent proceeding defendant was obliged to defend said foreign attachment proceeding and to suffer the loss of the use of his said automobile pending the hearing in said proceeding for a period of six (6) days, all to defendant's damage in the sum of $100."

The question here raised is whether an action of the type set forth in this "counterclaim" may, under the provisions of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of April 4, 1929, P. L. 140, be presented in an affidavit of defense in an action in trespass for negligence.

The Act of 1929 is an enabling act. It gives to a defendant, in an action of trespass, a right theretofore such defendant did not have. The Act of 1915, sec. 13, provided:

"In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section six; the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted."

The Act of 1929, supra, amended this section by adding thereto:

"The defendant in such action may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

This right, under the act of assembly, applies only to actions in trespass for negligence. In Massaro v. Iavocola, 26 D. & C. 189, 190, the court said:

" 'The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action.'

"The clear language of the amendment excludes all but cases arising in negligence. There is no authority to extend its provisions to actions in trespass vi et armis. Therefore, the counterclaim cannot prevail and the rule to strike off should be made absolute."

In the case at bar, the action is in trespass for alleged negligence in the operation of an automobile and, as we have said, the Act of 1929 gives to this defendant the

right to allege negligence on the part of plaintiff and to set up a claim for damages arising out of the same general circumstances upon which plaintiff's claim is based. Clearly, this is not a set-off or counterclaim. It is, in its nature, a cross-action, and the title to the Act of 1929 so indicates. Our Supreme Court in Beason v. Pierce, 321 Pa. 398, 400, said:

"The title of the act itself refers to such action permitted to the defendant, not as a set-off nor a counterclaim, but as a 'cross-suit.' The statute was obviously aimed to prevent either party involved in an accident from obtaining an undue advantage by being the first to start suit against the other and the first to bring the action to trial. It also prevents multiplicity of suits. To accomplish these purposes it should be liberally construed."

But we cannot, even by the broadest construction we are able to make, read into this act authority to join in one action in trespass an action in trespass for negligence and an action in trespass vi et armis. While we are fully in accord with the policy followed by the legislature in enacting the Act of 1929, and with the policy of a liberal construction of the act by our courts, still, in this case a determination of the question of negligence, which was proximate, whether that determination be in favor of or against this plaintiff, would not of itself determine the right of this defendant to recover for the expenses incident to the litigation; consequently, what is before us as defendant's third "counterclaim", though in a way related to and dependent to some extent upon the same circumstances upon which this plaintiff's cause of action is based, is not based directly upon those circumstances, and a decision adverse to plaintiff in his action would not of itself entitle this defendant to a recovery upon the cause of action which is here presented as defendant's third "counterclaim". But, on the other hand, should plaintiff recover in his action, it would be a bar to this claim of defendant. As a general rule, costs, expenses, inconvenience, and other harm suffered by one against whom an

284

action is brought can be made the basis of an action of trespass only where it can be shown that the action was "initiated without probable cause and for an improper purpose and . . . [has] terminated in his favor. He must show either material harm or the violation of a legal right which is in itself sufficient to support an action for damages": A. L. I. Restatement of Torts, §674, p. 442.

Under this rule, the third "counterclaim," which is, in fact, the statement of what is neither a counterclaim nor a cross-action, as this case has not proceeded to a point where a complete cause of action could accrue, is not within the meaning of the Practice Act of 1915, as amended by the Act of 1929, and, therefore, should be stricken from the record.

And now, March 29, 1940, the rule to show cause why defendant's third "counterclaim" should not be stricken from the record is made absolute; the third "counterclaim" is stricken from the record; and, defendant allowed 15 days, after notice of this decree, within which to file an amended affidavit of defense.