## Duke v. Getz

*Charles G. Baker*, for plaintiff.
*Zimmerman, Myers & Kready*, for defendant.

SCHAEFFER, P. J., March 27, 1942.—Plaintiff sued defendant in trespass before an alderman for damages caused by a collision between plaintiff's automobile, operated by him, and the automobile operated by defendant, and owned by her husband. The alderman rendered judgment in favor of plaintiff for $51.16 for the repair bill. Defendant appealed to the court of common pleas. Thereupon plaintiff filed his statement of claim and defendant filed an affidavit of defense and counterclaim for $2,087, $2,000 of which is claimed for pain and suffering. Defendant also claims $55 for medical services and $32 for wages paid to parties doing housework for her. Plaintiff has filed a motion to strike off the counterclaim.

The question involved is whether defendant in an action of trespass for alleged negligence in an appeal from the judgment rendered by an alderman may set up a cross-suit or counterclaim arising out of the same accident, over which the alderman did not have original jurisdiction.

In the instant case it is admitted that the alderman had no jurisdiction of the cross-suit or counterclaim against plaintiff.

Under the Practice Act of May 14, 1915, P. L. 483, no provision was made for the filing of a counterclaim in an action of trespass. This act was amended by the Act of April 4, 1929, P. L. 140, 12 PS §412, which provides:

"The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

The language of the act limits it to cases arising in negligence and the title to the act refers to a cross-suit

and not to a set-off or counterclaim. In Beason v. Pierce, 321 Pa. 398 (1936), a collision occurred between the automobiles driven by plaintiff and defendant. A counterclaim was set up. Mr. Justice Stern in his opinion said (p. 400) :

"The defendant's counterclaim is merely in the nature of a cross action, permitted by the Act of April 4, 1929, P. L. 140, amending section 13 of the Act of May 14, 1915, P. L. 483. . . . The title of the act itself refers to such action permitted to the defendant, not as a set-off nor a counterclaim, but as a 'cross-suit.' The statute was obviously aimed to prevent either party involved in an accident from obtaining an undue advantage by being the first to start suit against the other and the first to bring the action to trial. It also prevents multiplicity of suits. To accomplish these purposes it should be liberally construed."

In the instant case defendant could have brought a cross-suit in the court of common pleas growing out of the same accident. Instead she elected to allege in her affidavit of defense negligence on the part of plaintiff so as to have both claims tried as one action. This is not a situation where there is a counterclaim or set-off in the general or usual sense of those terms, but it is limited to negligence "arising out of the same general circumstances upon which the plaintiff's claim is based." To compel defendant to resort to a separate suit would lead to a multiplicity of suits. While the suits could be tried together, nevertheless such circuity of action is apparently what the said Act of 1929 intended to avoid. To carry out its purpose it should be liberally and practically interpreted.

The Practice Act of May 14, 1915, P. L. 483, sec. 13, as amended by the Act of April 4, 1929, P. L. 140, is procedural. The Act of April 14, 1921, P. L. 144, sec. 1, amending the Practice Act of 1915, supra, expressly brings appeals from a judgment of the justice of the peace or alderman within the Practice Act.

Plaintiff relies upon certain cases, cited in his brief, but an examination thereof discloses that they were either decided before the Act of 1929 was passed or are based upon facts distinguishable from the instant case. The general principle as stated in Deihm v. Snell, 119 Pa. 316 (1888), is conceded. It is as follows (p. 324) :

"If the justice had not jurisdiction of the cause of action or the contract or demand sought to be used as a set-off, the Common Pleas will not have it after an appeal. The forum is changed by the appeal, but the cause of action remains the same. . . ."

However, in that case the set-off claimed exceeded $300 and related to the purchase money of land and it was admitted that the justice of the peace had no jurisdiction over the contract set up by defendant. The case at bar presents an entirely different situation as both claims arise out of one accident in which negligence is alleged, and thus the procedural Act of 1929 is applicable. Plaintiff cites also Alschuler & Weisz v. Lipkin, 84 Pa. Superior Ct. 349 (1925). There plaintiff sued defendant in assumpsit for $67.50 for merchandise. Defendant did not appear, but took an appeal to the Municipal Court of Philadelphia, in which court defendant denied the existence of the contract and as an additional defense set up a counterclaim for breach of the agreement in the sum of $368.28. The court held that defenses of set-off or counterclaim were affected by the general jurisdiction of the magistrate as to the amount of the claim. The court said (p. 351) :

"While it is to be tried de novo after the appeal, this relates to procedure. The cause of action is the same and the court to which the appeal is taken has jurisdiction of the subject only because the magistrate had jurisdiction. It is not authorized in such a proceeding to try that which could not have been tried in the magistrate's court. It is clear that the counterclaim on which the appellee recovered could not have been enter-

tained by the magistrate and that being the case the municipal court was controlled by the same limitation."

This case is likewise distinguishable from the case at bar because it relates to an action of assumpsit and was decided prior to the passage of the 1929 act, which is expressly limited to actions of trespass based upon negligence arising out of the same facts and circumstances.

In Gibson v. Del Sardo, 89 Pitts. 165, 167 (1941), it was decided, inter alia:

"A suit in trespass before an alderman or justice of the peace may not be met before the alderman or justice of the peace by a counterclaim which sounds in 'trespass on the case.' Neither may a claim which sounds in 'trespass on the case' be used as a counterclaim in this court upon appeal from a judgment in trespass by the alderman or justice of the peace. Such claim in 'trespass on the case' must be instituted through a new action to recover such claim—in which event the trial court may, in its discretion, order such claim in 'trespass on the case' to be tried at the same time as the appeal from the judgment in trespass. . . ."

This case is somewhat contrary to the position taken by this court, but the Act of 1929, supra, is not referred to therein although it may have been considered by the court in its general conclusion. The court in its opinion said (p. 168):

"We have stated the law as it is, and not necessarily as we think it should be. We shall recommend legislation to this session of the legislature to correct the evils which this case shows to be existing in the present law."

The question presented for the court's determination is not entirely free from doubt, but in view of the recent decision of the Supreme Court, Beason v. Pierce, supra, this court is bound to give the Act of 1929 a liberal construction in negligence cases growing out of the same accident to carry out the purpose of the

act as therein expressed to prevent an undue advantage by possible priority of suit and trial and to prevent a multiplicity of suits. To restrict the act and the above decision to negligence cases in which the alderman or justice of the peace had original jurisdiction would defeat to a large extent the purpose and effect of the Act of 1929.

In the case at bar the practical result under either view is the same because the court will undoubtedly try the two cases at the same time if there is an opportunity to do so, pursuant to Rule 213 of the new Pennsylvania Rules of Civil Procedure.

Upon careful reconsideration of the former decision of this court in a similar case in which the same question of law was raised, School District of Manor Twp. v. Counts, 47 Lanc. L. R. 350 (1940), the court concludes that, under the particular facts of the instant case, the Act of April 4, 1929, P. L. 140, is applicable and that defendant's claim against plaintiff in lieu of a cross-suit, based on negligence and arising out of the same facts and circumstances as plaintiff's claim, is properly allowable.

And now, March 27, 1942, the rule to strike off defendant's counterclaim is discharged.