## Trimmer et al. v. Trimmer et ux. No. 2

*Edmund K. Trent,* of *Reed, Smith, Shaw & McClay,* for plaintiffs.

*Rahauser, Van der Voort & Royston,* for defendants.

MARSHALL, J., November 17, 1944. — Plaintiffs brought this action of trespass quare clausum fregit for nominal damages to determine the extent of a right-of-way easement extending across the southern part of their land in Moon Township, Allegheny County, Pa., and appurtenant to defendants' adjoining lot. Defendants first filed an affidavit of defense raising questions of law, their contention being that the part of plaintiffs' land upon which the alleged trespass occurred was within the limits of their easement of passage, but the court (Judges Dithrich, Marshall and Ellenbogen) overruled the affidavit of defense, and, in an opinion by Judge Ellenbogen, held that defendants were entitled to a way of convenient and necessary width, and that in the event that defendants should deny that the road as laid out was of such width, the question would be for a jury to pass upon. Defendants then filed an affidavit of defense on the merits, raising the issue of the sufficiency of the width of the existing road, and they also filed a counterclaim to recover from "several of the plaintiffs" $1,000 for an alleged assault and battery upon the wife-defendant, $1,000 for an alleged assault

and battery on the husband-defendant, and $2,500 from all the plaintiffs for allegedly obstructing the easement to defendants' property by placing automobiles and other obstructions thereon. Plaintiffs have filed a motion and obtained a rule on defendants to show cause why the counterclaim should not be stricken off, and this motion and rule are now before the court for determination.

Defendants take the position that the Act of April 4, 1929, P. L. 140, amending the Practice Act of May 14, 1915, P. L. 483, permits the filing of the counter-suit and the title of the act would seem to so indicate. A reading of the act itself convinces us that defendants' position is not well taken.

The right to file a counterclaim in an action of assumpsit was given by section 14 of the Practice Act of May 14, 1915, P. L. 483. No provision was made for counterclaims in trespass actions until the Act of April 4, 1929, P. L. 140, which added the following paragraph to section 13 of the Practice Act:

"The defendant in such actions [actions of trespass] may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

This amendment is limited to actions involving negligence; there is no general right to a set-off or counterclaim in trespass: Amram, Pennsylvania Practice, p. 99. The purpose of the amendment was to remove the advantage gained by the party to an automobile accident who first brought suit; if defendant were not allowed a counterclaim, he would be barred from ever recovering, for the case would be res adjudicata: Beason v. Pierce, 321 Pa. 398 (1936).

In the above case, Mr. Justice Stern said with respect to the Act of 1929 (p. 400):

"The statute was obviously aimed to prevent either party involved in an accident from obtaining an undue advantage by being the first to start suit against the other and the first to bring the action to trial. It also prevents multiplicity of suits. To accomplish these purposes it should be liberally construed."

It is to be noted that the language of the act permits defendant, in addition to denying negligence on his part, to *"allege negligence* on the part of the plaintiff, and set up against the plaintiff . . . a claim for damages arising out of the same general circumstances upon which plaintiff's claim is based . . ."* (Italics supplied.) In construing this language, Court of Common Pleas No. 5 of Philadelphia County said in Massaro v. Iavocola, 26 D. & C. 189 (1936), per Alessandroni, J. (p. 190):

"The clear language of the amendment excludes all but cases arising in negligence. There is no authority to extend its provisions to actions in trespass *vi et armis*. Therefore, the counterclaim cannot prevail and the rule to strike off should be made absolute." (Italics supplied.)

Neither the language nor the purpose of the act is applicable to the counterclaim filed by defendants in the instant case. The counterclaim does not "allege negligence", but, on the contrary, avers three acts of tort, two of them consisting of assault upon the persons of defendants, and the third being the obstruction of their easement. It is not alleged that these acts were done by all the plaintiffs, but only by some of them. Thus, one of the essential elements of the right to counterclaim, namely, mutuality of parties (4 Standard Pa. Practice 435) is lacking. Furthermore, the acts set up in the counterclaim do not arise out of the same circum-

stances nor present the same issue as the cause of action upon which the suit was brought. The object of the suit was to obtain a construction of the deed conveying plaintiffs' land to their predecessor in title and granting defendants a right of way over part of it. Defendants were claiming that their easement was 22½ feet wide. Plaintiffs contended that it was only nine feet wide. When defendants walked upon the 22-foot part, asserting that they were legally entitled to do so, plaintiff's instituted the present action for trespass to the portion of their property lying outside the nine-foot strip, and demanded nominal damages of 6¼ cents for each of two alleged entries, or a total of 12½ cents. The court, in construing the deed, ruled that defendants were entitled to an easement of necessary width, and that it would be for the jury to determine whether the existing nine-foot road was of necessary width. A single, simple issue was thus raised: Is the nine-foot road of necessary width? If yes, verdict for plaintiffs; if no, verdict for defendants.

We believe it would be very difficult to try these two cases together and, furthermore, we do not believe that the statute permits it.

### Order

And now, to wit, November 17, 1944, plaintiffs' rule to show cause why counterclaim should not be stricken from the record is made absolute and the counterclaim stricken off.