**NASH v. RAUN.**
Civ. A. No. 53 (Erie).

District Court, W. D. Pennsylvania.
July 18, 1946.

Brooks, Curtze & Silin, and John B. Brooks, all of Erie, Pa., for plaintiff.

Hosbach & Good and Franklin B. Hosbach, all of Erie, Pa., for defendant.

GOURLEY, District Judge.

Plaintiff brought suit in trespass to recover for personal injuries and damages to his automobile sustained in a collision with a motor truck driven by defendant on October 9, 1941. Defendant's answer denied liability and alleged as a counterclaim an action against plaintiff for damages to defendant's truck, for loss of use thereof and for damages to milk supply which was being hauled on said truck.

This case came on for trial before the late Judge Schoonmaker with the result that the jury returned the following verdict: "And now, to wit: October 5, 1943, we, the Jurors empaneled in the above entitled case, find on the claim of the plaintiff against the defendant a verdict in favor of the plaintiff, Lewis E. Nash, in the amount of $13,500.00, and on the counter-claim of the defendant against the plaintiff we find a verdict in favor of the plaintiff."

Motion for a new trial and judgment notwithstanding the verdict were submitted to the trial judge who refused them and an appeal was taken to the Circuit Court of Appeals, with the result that the Circuit Court of Appeals by an opinion filed May 14, 1945, 149 F.2d 885, made the following order: "On consideration whereof, it is now here ordered and adjudged by this Court that the order of the said District Court denying defendant's motion to set aside the verdict and judgment be, and the same is hereby reversed, with costs, and entry of judgment for the defendant is directed. The order denying a new trial is affirmed. And that the Appellant, Peter Raun, recover against the Appellee, Lewis E. Nash, in the sum of fifty-three and 70/100 dollars ($53.70) for costs herein expended and have execution therefor. May 14, 1945."

From this the plaintiff appealed to the Supreme Court of the United States, asking for permission of a certiorari. This was refused by the Supreme Court, 66 S.Ct. 99.

On October 26, 1945, the defendant filed the following bill of costs with the deputy clerk of courts to be taxed:

| | |
|---|---:|
| Witness fees .................. $ | 9.00 |
| Transcript of Testimony........ | 343.50 |
| Costs awarded in the District Court ..................... | 53.70 |
| Massachusetts Bonding & Insurance Company (Bond $15,000, Feb. 7, 1944 to Feb. 7, 1945).. | 300.00 |
| Massachusetts Bonding & Insurance Company (Bond $15,000, Feb. 7, 1945 to June 23, 1945) | 112.50 |
| Murrelle Printing Company (May 29, 1944, printing Appellant's Appendix to Brief, Circuit Court of Appeals) ........... | 222.21 |
| Murrelle Printing Company (July 5, 1944, printing Appellant's Brief, Circuit Court of Appeals) ..................... | 89.03 |
| Murrelle Printing Company (Oct. 5, 1945 printing Appellee's Answer to Petition for writ of Certiorari, Supreme Court of the United States) ........... | 33.37 |
| Total ..................... $ | 1,163.31 |

On November 5, 1945, the plaintiff filed the following bill of costs with the deputy clerk of courts to be taxed:

| | |
|---|---:|
| Witnesses ..................... $ | 58.50 |
| Surveying services ............. | 20.00 |
| Clerk of United States District Court (costs) ................. | 20.00 |
| Sheriff's Office (Service of Summons and Complaint) ......... | 7.50 |
| Batavia Times, August 7, 1944, printing Brief for Plaintiff-Appellee (Circuit Court of Appeals) | 57.00 |
| A. K. D. Printing Company, May 29, 1945, printing Petition for Re-hearing (Circuit Court of Appeals) ........................ | 22.00 |
| Clerk of the United States Supreme Court (costs) ................. | 195.00 |
| Total ..................... $ | 380.00 |

The deputy clerk of the United States District Court ignored the bill of costs filed by the plaintiff, and on November 14, 1945, filed the following as taxable costs in favor of the defendant:

| | |
|---|---:|
| Witness fees ................... $ | 9.00 |
| Transcript of Testimony ........ | 343.50 |
| Mandate of the United States Circuit Court of Appeals, for appeal costs ........................ | 53.70 |
| Murrelle Printing Company (May 29, 1944, printing Appellant's Appendix to Brief, Circuit Court of Appeals ..................... | 222.21 |
| Murrelle Printing Company (July 5, 1944, printing Appellant's brief, Circuit Court of Appeals) | 89.03 |
| Murrelle Printing Company (October 5, 1945, printing Appellee's answer to Petition for Writ of Certiorari, Supreme Court of the United States ............. | 33.37 |
| Total ..................... $ | 750.81 |

The deputy clerk of courts did not allow defendant the amounts paid for bonds, made necessary to perfect the appeal, in the amounts of $300 and $112.50, respectively.

On November 16, 1945, the plaintiff filed a motion for review of the taxation of the above costs filed by the deputy clerk of courts, setting forth that the plaintiff was as much a prevailing party as defendant, the said defendant having filed a counter-suit, which counter-suit was decided in favor of plaintiff, Lewis E. Nash.

Argument was heard on the above motion on March 25, 1946, and briefs were submitted by both parties. Plaintiff is not pressing dismissal of the Circuit Court's mandate allowing defendant's appeal costs in the sum of $53.70, but admits it is bound by said mandate. Plaintiff objects, however, to the other items taxed as costs. More particularly:

| Witnesses fees: | | |
|---|---|---:|
| Fred C. Garfield, 2 days at $1.50 | $ | 3.00 |
| Arthur D. Scholton, 2 days at $1.50 ..................... | | 3.00 |
| John R. Crabb, 2 days at $1.50.. | | 3.00 |

Witnesses fees:

| | |
|---|---:|
| Harriet Cole Thomas, Transcript of Testimony ................ | 343.50 |
| Massachusetts Bonding & Insurance Company (Bond, $15,000, Feb. 7, 1944 to Feb. 7, 1945) .... | 300.00 |
| Massachusetts Bonding & Insurance Company (Bond, $15,000, Feb. 7, 1945 to June 23, 1945).. | 112.50 |
| Murrelle Printing Company (May 29, 1944, Printing appellant's appendix to brief, Circuit Court of Appeals) ................ | 222.21 |
| Murrelle Printing Company (July 5, 1944, Printing appellant's brief, Circuit Court of Appeals) | 89.03 |
| Murrelle Printing Company (Oct. 5, 1945, Printing appellee's answer to petition for writ of certiorari, Supreme Court of the United States) .............. | 33.37 |
| Total .................... | $1109.61 |

The defendant has objected and contends that the clerk of courts erred in not taxing as part of the costs the items in favor of the Massachusetts Bonding and Insurance Company:

| | |
|---|---:|
| Massachusetts Bonding & Insurance Company (Bond, $15,000, Feb. 7, 1944 to Feb. 7, 1945) .... | 300.00 |
| Massachusetts Bonding & Insurance Company (Bond, $15,000, Feb. 7, 1945 to June 23, 1945) ... | 112.50 |
| Total .................... | $412.50 |

It is primarily the contention of the plaintiff that the clerk of courts erred in the allowance of any costs filed by the defendant against the plaintiff for the reason that the defendant failed to recover on the right of action which was set up in the answer filed against the plaintiff, although the defendant was ultimately successful in his defense of the plaintiff's claim.

This case does not cover a set-off, counterclaim or new matter, but relates altogether to a cross-suit in an action in trespass. In Beason v. Pierce, 321 Pa. 398, 184 A. 650, the Supreme Court while discussing the Act of 1929, P.L. 140, 12 Pa.P.S. § 412, said that the statute authorizing a cross-suit in a trespass action was intended to prevent either party involved in an accident from obtaining undue advantage by being first to bring the action to trial and to prevent a multiplicity of suits, and should be liberally construed to accomplish such purposes. It has no relationship whatsoever to a set-off. While the term is sometimes loosely employed, a set-off is a counter-demand arising out of a transaction extrinsic to the plaintiff's cause of action. It, therefore, is not incompatible with the justice of the plaintiff's claim but seeks to balance it in whole or in part by a counter-obligation alleged to be due by the plaintiff to the defendant in another transaction. The claim is in the nature of a cross-action and is not a set-off, and only one verdict can be rendered, as far as recovery is concerned, although the jury considers two distinct claims. The Act requires that the case shall be tried as one action, and it is not possible for both parties successfully to maintain a claim against each other, either wholly or in part, because the laws governing negligence and contributory negligence would necessarily limit recovery to one of the parties.

It, therefore, is the opinion of the Court that the claim set up by the defendant in his answer is not a set-off or counterclaim but is in the nature of a cross-action, and, as a result of which, only one verdict can be rendered although the jury considers two distinct claims and the law requires that the case shall be tried in one action. Beason v. Pierce, 321 Pa. 398, 184 A. 650.

It is the further opinion of the Court that where, in an action in trespass, the defendant has set up a counterclaim under the provisions of the Act of April 4, 1929, P.L. 140, 12 Pa.P.S. § 412, and at the trial the defendant fails to recover on its counterclaim although successful in defending plaintiff's suit, the court has no authority to apportion costs but must award them in favor of the defendant and against the plaintiff, the original aggressor in the litigation, under general statutes recognizing the right of the prevailing party to costs.

Stahl et al. v. Erie Delivery Co., 31 Pa. D. & C. 429.

It, therefore, becomes necessary to consider what items are properly allowable as costs to be taxed in favor of the defendant and against the plaintiff on the basis of the above statements of law.

 Costs are certain allowances authorized by statutes to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding. They are a mere incident of the litigation, and are generally given to recompense the successful party for his expenses. Costs ordinarily may be imposed and recovered only in cases where there is statutory authority therefor, and only in the instances, to the extent, and in the manner provided for by statute. The power to make rules or orders for the imposition of costs exists only where it is given or ratified by statute. Taxable costs are such costs as a party is entitled to have taxed by law, full indemnity for the expenses of a party who is successful in a suit between party and party, whether at law or in equity. 20 C.J.S., Costs, § 1, pp. 257-259.

The defendant places reliance on the case of Luxfer Prism Patents Co. v. Elkins, C.C.Pa., 99 F. 29, 30, in which the Court held: "The expense of printing the brief is nowhere made by statute a part of the taxable costs, and there is no rule or practice in this circuit permitting it. Neither do I think it a desirable practice to establish, for it would enable the successful party to impose upon the other excessive charges for printing, or lead to constant disputes about the necessity or propriety of the matter printed. The policy in this state (with rare exceptions) has always been to require each party to a law suit to bear his own expenses; and on the whole, the rule has worked well. It tends to restrain litigation, and it certainly prevents some abuses. The cost of printing the record in some cases is permitted in the admiralty by a rule of the district court, but obviously this stands upon a different footing."

 This case was decided by our Circuit Court prior to the enactment of the Rules of Civil Procedure on September 16, 1938, 28 U.S.C.A. following section 723c, which have application to all of the district courts of the United States, and also prior to the Rules of the United States Circuit Court of Appeals for the Third Circuit which became effective February 1, 1942. Since the rules of both, the district court and the circuit court, have the effectiveness of law, it is the opinion of this Court that the case upon which the defendant places reliance no longer remains as law in this Circuit.

In addition thereto, it is provided under the terms and provisions of the Judicial Code, more particularly Title 28 U.S.C.A. §: 830, as follows: "The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies. of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. Such taxed bills shall be filed with the papers in the cause."

In addition thereto, the United States Circuit Court of Appeals for the Third Circuit has provided in Rule 37, subdivision 3, as follows: "In cases of reversal of any judgment, order or decree by this court, costs shall be allowed to the appellant or petitioner, unless otherwise ordered by the court. The cost of the transcript of the record from the district court shall be taxable in that court as costs in the case."

Subdivision 4 provides as follows: "The actual cost of printing briefs with the appendices provided by Rule 26, in an amount not exceeding $1.50 per printed page, shall be taxed as costs in the case; provided that, when in the opinion of the court unnecessary matter has been printed it may withhold or divide costs as justice may require; * * *. A party desiring his printing costs to be taxed shall state them in a verified bill of costs which he shall file with the clerk within 10 days after the entry of the final judgment or decree of this court. * * *."

■ It, therefore, appears that the sum paid for the printing of the briefs, appendix and answer to the petition for writ of certiorari is properly taxable as costs in favor of the defendant and against the plaintiff. Murphy v. City of Orlando, 5 Cir., 94 F.2d 426.

■ Furthermore, although the mandate of the Circuit Court directed the taxing of only the costs of the appeal against the appellee, and the mandate was silent as to any additional costs after the reversal of the judgment, the costs of appeal and the costs generally incident to the litigation automatically followed the judgment. City of Stuart v. Green, 5 Cir., 94 F.2d 942.

Although no statute except the federal statute could restrict the prevailing parties absolute right to costs in an action at law, the Federal Rules of Civil Procedure have the legal force and effect of statutory enactment. John R. Alley & Co., Inc., et al. v. Federal Nat. Bank of Shawnee, 10 Cir., 124 F.2d 995.

In view of the Federal Rules of Civil Procedure having the legal effect of a statute, in considering the item of costs for stenographic fees, it is necessary to make reference to the Rules which would have application to this item.

"Rule 80. Stenographer; Stenographic Report or Transcript as Evidence.

"(a) Stenographer. A court or master may direct that evidence be taken stenographically and may appoint a stenographer for that purpose. His fees shall be fixed by the court and may be taxed ultimately as costs, in the discretion of the court. The cost of a transcript shall be paid in the first instance by the party ordering the transcript.

"(b) Official Stenographers. Each district court may designate one or more official court stenographers for the district and fix by rule of court the compensation which such stenographers shall be entitled to charge for their services, with provision that amounts properly paid by parties for the service of such stenographers be taxable as costs in the case in the discretion of the trial judge. The work of the stenographers shall be so arranged as to avoid

delay in furnishing transcripts ordered for the purposes of motions for new trial, for amended findings, or for appeals." (Subdivisions (a) and (b) of Rule 80 have been abrogated because of Public Law 222, 78th Cong., c. 3, 2d Sess., approved Jan. 20, 1944, 28 U.S.C.A. § 9a, provided for the appointment of official stenographers for each District Court, prescribing their duties, providing for the furnishing of transcripts, the taxation of the fees therefor as costs, and other related matters. This statute has now been implemented by Congressional appropriation available for the fiscal year beginning July 1, 1945, Act May 21, 1945, 59 Stat. 196 et seq.)

Since funds were not made available by Congress for the application of the abrogation or modification of Rule 80(a) and (b) until July 1, 1945, said rule could not legally become effective until that date. As a result of which, Rule 80(a) and (b) of the Federal Rules of Civil Procedure, as amended, was not in effect at the time the within proceeding was instituted or disposed of by the Circuit Court of Appeals.

■ In view of the above provisions of the Federal Rules of Civil Procedure, it appears proper to tax as part of the costs in this proceeding the amount expended for the transcript of the testimony. Furthermore, said item is a necessary and proper item of expense to be assessed in favor of the defendant and against the plaintiff. Murphy v. City of Orlando, 5 Cir., 94 F.2d 426, 432.

A more difficult question arises in connection with the taxing of costs for the premiums issued on the bonds to perfect the appeal filed by the defendant-appellant to preserve his rights and save him harmless pending the final disposition of the appeal.

■ There appears to have been considerable difference of opinion between the District Courts and the Circuit Courts of Appeal, and it has been held in this Circuit that where the disbursement is not made for the bond or bonds as the result of any rule or practice and there is no statute, rule, custom or usage by which it is made a part of the taxable costs of the case, it cannot be allowed. Although

such a rule or practice does appear desirable, since there is no court rule presently existing in this district or circuit, which this Court has been able to find after making an exhaustive research, until such provision is made by a rule of court in this district, no authority exists to grant the taxing costs for appeal bonds. In re Texas, 3 Cir., 226 F. 897, 905; Newton v. Consolidated Gas Co., 265 U.S. 78, 84, 44 S. Ct. 481, 68 L.Ed. 909.

 It is furthermore a definitely settled rule of law that the courts exercise a discretion in the taxation of costs and disbursements in determining what are necessary and reasonable items, and the prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered. Also the prevailing party is entitled to recover costs and disbursements usually in conformity to the state practice where no specific provision is made therefor by federal statute. United States v. Minn. St. P. & S. S. M. R. Co., D.C., 235 F. 951; Gold Dust Corporation v. Hoffenberg, 2 Cir., 87 F.2d 451; Ex Parte Peterson, 253 U.S. 300, 316, 40 S.Ct. 543, 64 L.Ed. 919.

Reference has been made to state law in connection with the taxing of costs for premiums on appeal bond, and no authority or custom has been found which authorizes or permits the same.

 In support of the defendant's contention that the costs for the premiums on the bond are a proper taxable item, the defendant has cited for consideration to the Court Paragraph 3639, 2d Ed., of Cyclopedia of Federal Procedure, Volume 8, page 432 et seq., and relies on the case of Edison v. American Mutoscope Co., C.C.N.Y., 117 F. 192. However, in the reference just made it is stated that whether an item is taxable may be determined by statute, by rule of court or established usage equivalent to such rule, or by a special order in the case. Accordingly if none of these requirements are satisfied, the premium paid for an appeal bond was not taxable as costs. Parkerson v. Borst, 5 Cir., 256 F. 827.

The statement of law just made has also been adopted in this Circuit and has been followed by the Supreme Court of the United States. In re Texas, 3 Cir., 226 F. 897, 905; Newton v. Consolidated Cas Co., 265 U.S. 78, 84, 44 S.Ct. 481, 68 L.Ed. 909.

 In connection with the item of costs which is referred to as witness fees, it is the opinion of the Court that the fees of witnesses are proper items of costs to be taxed in favor of the defendant against the plaintiff.

The only other item which remains for consideration is that of the costs awarded by the Circuit Court of Appeals in its mandate designed as "appeal costs" in the amount of $53.70, and no objection has been made by the plaintiff to the correctness of this item. It appears that said costs have been properly charged against the plaintiff in favor of the defendant.

 In connection with the bill of costs filed by the plaintiff against the defendant, since only one party can recover in an action of this nature, the bill of costs filed by the plaintiff against the defendant is refused in whole; the bill of costs approved by the clerk of courts in favor of the defendant and against the plaintiff is sustained and the items set forth in the defendant's original bill of costs for the premiums on the appeal bond are refused.

An appropriate order will be filed with this opinion.

### Order

Now this 18th day of July, 1946, after due and careful consideration being given the taxation of costs filed by the clerk of courts in the above-entitled case, said action on the part of the clerk of courts is sustained and the motion for review of the taxation of costs filed by the plaintiff is refused, and the motion filed by the defendant for the allowance of the costs incurred for the bonds to perfect the appeal is refused. The bill of costs filed by the plaintiff against the defendant is refused in whole.